JAMES McGREGOR, Adm'r of Wm. Dunlap, deceased, v. MUELLER & GOGREVE ET AL.

On the 13th March, 1850, A. mortgaged to B. real estate to secure five promissory notes, amounting to $12,000 and interest, and sold to C. the said real estate, who assumed the said notes as part payment of the pur-

chase money. On the 27th September, 1855, after the last note had fallen due, and while the ten per cent. interest law was in force, C. entered into an agreement with B., to which A. was also a party, to pay ten per cent. interest for one year on the amount, principal and interest, due at the time when the last note fell due, viz: 1st September, 1855, in consideration of forbearance on the part of B. in collecting said notes and in foreclosure of said mortgage, and also in consideration of the extension of the payment of said notes and interest to the 1st day of September, 1856. C. continued to pay ten per cent. interest to March, 1868. The ten per cent. law was repealed April 1, 1859.

*Held,* that this was an agreement for forbearance generally, for which C. agreed to pay ten per cent. interest, and that the time for which ten per cent. is to be paid is not limited in the contract to one year only.

*Held,* also, that the excess of four per cent. can not be charged as a lien on the real estate under the mortgage; but a personal judgment against C., for this excess, can be taken in this case, according to the prayer in the petition.

*Hoadly & Johnson* and *J. H. Clemmer*, for plaintiff.

*Stallo & Kittredge*, for defendants.

HAGANS, J. Francis Fortman being the owner of lot No. 17, in Symmes subdivision, in Cincinnati, on the 13th March, 1850, mortgaged the same to William Dunlap to secure the payment of $12,000, as evidenced by five promissory notes, the last one of which fell due September 1, 1855. Fortman sold and conveyed this property to Mueller & Gogreve, who assumed the payment of the mortgage as part consideration of their purchase. On the 27th September, 1855, the parties entered into the following agreement:

"Whereas, by settlement of notes given by F. Fortman, dated March 13, 1850, for $3,000, payable three, four, and five years after date, with interest on each from September 1, 1850 (except the interest on the *two first* notes for the year ending 1st September, 1855, having been paid); and whereas, said Fortman having sold and conveyed certain real estate described in the mortgage deed from Fortman to William Dunlap, recorded 3d September, 1850, in book No. 157, page 437, of the records of Hamilton county, securing the payment of said notes and interest, to Mueller & Gogreve, who,

as part of the consideration for said property, assumed to pay said notes and interest. And whereas, said Fortman, and Mueller & Gogreve, the purchasers, for forbearance of suit on said notes aforesaid, amounting, principal and interest, to the 1st day of September, 1855, to $11,340, after allowing all credits on same. Now, in consideration of forbearance on collecting said notes aforesaid from said Fortman, or foreclosing said mortgage against said Fortman and Mueller & Gogreve, said Mueller & Gogreve agree to pay to William Dunlap ten per cent. interest on the amount due on said notes aforesaid, amounting to $11,340, including principal and interest, for one year from the first day of September, 1855, payable semi-annually, by the notes of said Mueller & Gogreve—one for $567, payable in six months from 1st September, 1855, and one for $567, payable in twelve months from 1st September, 1855—which, when paid, will leave due on said three notes of $3,000, including interest due on same on settlement as aforesaid, to 1st September, 1855, the sum of $11,340, which interest notes aforesaid, when paid, will settle the interest on the amount due as aforesaid, from the 1st day of September, 1855, to the 1st day of September, 1856, to which time said notes and mortgage are extended, provided the interest note payable in six months shall be paid, leaving due, in case both of said interest notes shall be paid on the 1st day of September, 1856, on said notes, principal and interest, the sum of $11,340, and no more. Said Fortman, on his part, agrees to said forbearance and extension of payment aforesaid.

" Given under our hands, this 27th day of September, 1855.

F. FORTMAN,<br>WM. DUNLAP,

" Attest: *A. N. Riddle.*        MUELLER & GOGREVE."

The interest notes mentioned in the agreement were paid, and Mueller & Gogreve continued to pay what was evidently intended to be interest, at the rate of ten per cent., up to March, 1868, together with some payments which must be

applied to the reduction of the principal. So that when suit was brought to foreclose the mortgage—the petition setting up the agreement also—the plaintiff demanded judgment for $10,505.28, and interest from April 22, 1869; and by an amended petition, for $10,884.75, and interest from April 13, 1869, at ten per cent. There is attached to the bill of exceptions a statement made by A. N. Riddle, Esq., then acting as attorney for the plaintiff, dated December 30, 1869, which he says is based upon the the case of *Samyn* v. *Phillips, etc.,* 15 Ohio St. 218, showing a balance due of $5,618.48, deducting the excess of interest paid over six per cent. from the principal, after the repeal of the ten per cent. law, April 1, 1859. Some oral evidence was also introduced and objected to, detailing interviews between the plaintiff and Mueller & Gogreve, relating to the payment of interest.

On this state of facts, the judge at Special Term found that the plaintiff was entitled to recover $11,340, with interest from September 1, 1856, at ten per cent. per annum, and that defendants were entitled to a credit for all sums paid on account of interest and to the extent that these payments exceeded interest at ten per cent., on the said principal of $11,340, and ordered sale. A motion for new trial was made and reserved to this court.

The defendants claim that the findings are erroneous, and that interest at the rate of six per cent. should only be allowed from the 13th September, 1856; and, calculating the amount in this way, that they owe only about $2,500. As has been said, the evidence shows that the purpose of the defendants was to pay ten per cent. on the principal debt, and they did so up to 1868. The case shows a strong equity that we should consider that the contract. But the parties must stand upon the strict construction of the written agreement made, because to allow a recovery of more than six per cent. interest, unless according to written stipulation, is against the policy of the law. The oral evidence, as well as the receipts of Dunlap for interest, were, on this view, improperly admitted by the judge below. This would

be sufficient ground for granting the motion for new trial if the defendants are prejudiced thereby, which they are not, if upon the construction of the contract the judge below was right.

The first section of the act of March 14, 1850, provides, "That the parties to any bond, bill, promissory note, or other instrument of writing for the payment or forbearance of money, may stipulate therein for interest receivable upon the amount of such bond, bill, note, or other instrument, at any rate not exceeding ten per centum yearly." * * *

The second section: "That upon all judgments or decrees rendered upon any bond, bill, promissory note or other instrument aforesaid, interest shall be computed till payment at the rate specified in such bond, bill, note, or other instrument, not exceeding ten per cent., as aforesaid." * * *

It is conceded that if the judge was not right in his view of the contract, and if the evidence showed, as we think it did, that payments of interest at the rate of ten per cent., prior to the repeal of this act, were voluntarily made as such, then the defendants were entitled to a deduction of the excess over six per cent. from the principal after that time only. In this view, oral evidence, as to payments and the receipts, was rightly received. *Samyn* v. *Phillips, etc.*, 15 Ohio St. 218. That was a case of foreclosure of a mortgage, where the notes on their face did not stipulate for the payment of ten per cent. interest after due, though the fact was that the loan was at ten per cent., and interest notes were given for it and secured by mortgage, and the mortgage itself stated it was a ten per cent. debt, and payments were made on the principal after it was due at that rate; yet the Supreme Court held that the action was upon the notes; that the notes constituted the contract; that the mortgage was only an incident to the debt; and that inasmuch as the contract contained no stipulation to pay ten per cent. interest, there could be no recovery for the excess of interest over six per cent. except while the ten per cent. law was in force. This exception was upon the ground that

the parties might do what they could legally bind themselves to do.

It is claimed by the plaintiff that this is substantially a contract for forbearance generally. On the other hand, the defendants claim that it is a contract for forbearance one year in consideration of the payment of ten per cent. interest for one year; that the contract was executed by taking notes for this interest, and the notes have been paid; and that there the matter ended, and the debt no longer, so far as the contract is concerned, bore a greater rate of interest than six per cent. Stress was laid, in argument, upon the frequent recurrence of the word "notes" in the agreement in connection with the stipulations relating to the interest, as lending help in the construction of the contract in this respect.

It was also argued, that if one should give a note payable in five years, with interest at ten per cent. for one year, that it was good for just what it expressed only, and a recovery could be had for no more. That may be so.

What, then, was the contract between the parties? The fair reading of the whole instrument, taking it by the four corners, as is said, is that in consideration of forbearance for one year the defendants agreed to pay interest on the principal debt at the rate of ten per cent. for one year. The giving of notes for the interest can make no substantial difference in the construction of the contract. They were merely evidence *dehors* the contract that it contained such an agreement, and the notes were merely for convenience. It was a very different contract than the supposed five year note. It was rather as if a note was given for one year, with interest at ten per cent. for one year, or "*per annum*" literally, as usually written. It is not doubted that upon such a note judgment could be had for interest at ten per cent. after due, under the second section of the act referred to. At one time it was held otherwise in this court, but now the statement made is undoubtedly the law. We think this was an agreement for forbearance not for one year only,

but generally, for which the defendants agreed to pay ten per cent. interest; for the time for which that rate is to be paid, is not limited in the contract to one year only, and is therefore within the first section of the act, and judgment should be rendered on it according to the second section.

But should there be an order for sale under the mortgage for the amount found due, according to our views of the agreement? The mortgage does not secure the performance of the agreement, but of the notes named in it. Nothing was said in the argument on this subject, as the defendants are abundantly responsible. This question stands upon entirely different grounds. The agreement is incorporated in the petition, and judgment and order for sale is asked for the amount found to be due under it. The agreement is to forbear foreclosing the mortgage, and it is the notes and mortgage the payment of which is extended. The contract contains no assumption of the debt, but merely recites that Mueller & Gogreve had assumed it in their purchase, and it then bore but six per cent. interest.

There is nothing in the contract, or in the conduct of the parties, that authorizes us to charge the excess of four per cent. as a lien on the real estate.

The plaintiff asks a personal judgment against the defendants in addition to the prayer for an order for sale.

Motion for a new trial overruled, and judgment may be taken accordingly.